IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JANUARY 2000 SESSION

FILED

February 23, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | C.C.A. # E1999-00804-CCA-R3-CD |
| Appellee, | * | ROANE COUNTY |
| VS. | * | Hon. E. Eugene Eblen, Judge |
| RALPH DEWAYNE MOORE, | * | (Restitution) |
| Appellant. | * | |

For Appellant:

Joe Walker
District Public Defender
Bernard R. Sargent
Assistant District Public Defender
P.O. Box 334
Harriman, TN 37748
(on appeal)

Walter Johnson and
Roland Cowden
Assistant District Public Defenders
P.O. Box 334
Harriman, TN 37748
(at hearing)

For Appellee:

Paul G. Summers
Attorney General and Reporter

Patricia C. Kussman
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
Second Floor, Cordell Hull Building
Nashville, TN 37243-0493

J. Scott McCluen
District Attorney General
P.O. Box 703
Kingston, TN 37763-0703

D. Roger Delp
Asst. District Attorney General
P.O. Box 703
Kingston, TN 37763-0703

OPINION FILED:_____

AFFIRMED

GARY R. WADE, PRESIDING JUDGE

The defendant, Ralph Dewayne Moore, was indicted for driving under the influence of an intoxicant and leaving the scene of an accident. By agreement of the state, the defendant entered a plea of guilty to reckless driving; the second charge was dismissed. As a part of the agreement, the defendant stipulated that his reckless driving sentence would "include any restitution due to Shelby Gann." The trial court imposed a sentence of six (6) months, suspended all but seven (7) days,[1] and ordered restitution to Ms. Gann in the amount of $500.00.

The only issue presented in this appeal of right is whether the trial court erred by ordering restitution.

We affirm the judgment of the trial court.

At the restitution hearing, Ms. Gann testified that on January 11, 1997, she and her husband drove to the Walnut Hill boat ramp in Harriman, where they encountered the defendant. The defendant and Ms. Gann's husband were engaged in an argument when the defendant then got into his vehicle and intentionally struck the Ganns' pick-up truck twice. According to Ms. Gann, the defendant first struck the Gann vehicle head-on and then backed up and struck the door on the driver's side.

Ms. Gann's testimony was corroborated in part by the preliminary hearing testimony of Harriman Police Department Officer Mike Capps. Officer Capps testified that he responded to a call regarding an accident at the Walnut Hill boat ramp and that he arrived in time to observe the defendant leaving the scene. The officer followed the defendant to a nearby residence and then confronted the defendant, who admitted to drinking and driving. The defendant also acknowledged

---

[1] On unrelated charges, the trial court also sentenced the defendant to thirty (30) days for disorderly conduct, eleven (11) months and twenty-nine (29) days for assault, and one (1) year in the state penitentiary for reckless endangerment. The reckless driving and disorderly conduct sentences were to run concurrent with the reckless endangerment sentence, with the assault sentence running consecutive thereto, for an effective sentence of one year, eleven months and twenty-nine (29) days.

2

having been involved in an accident with the Ganns, but denied that he intentionally struck their vehicle. Officer Capps arrested the defendant for DUI and leaving the scene of an accident resulting in damage in excess of $400. See Tenn. Code Ann. § 55-10-102(b)(2).

After the plea agreement, the trial court was unable to proceed with a scheduled sentencing hearing because the defendant had failed to contact his probation officer. Thus, a pre-sentence report had not been prepared. Because Shelby Gann and her husband were present, however, the trial court conducted a hearing on "any restitution due to Shelby Gann." Ms. Gann was the only witness. She testified that she and her husband purchased the pick-up truck for approximately $1,500.00 on the date of the accident. She stated that the truck was not driveable immediately after the incident and that it was worth approximately $500.00 at that point in time. She sold the truck shortly after the incident for between $200.00 and $250.00. The defendant cross-examined Ms. Gann on her failure to produce any documentation of ownership of the pick-up truck, but did not question her as to the amount of the damage to the truck. The defendant did not offer any proof.

On appeal, review of the propriety of the trial court's award of restitution must be de novo with a presumption that the determination made by the trial court is correct. Tenn. Code Ann. § 40-35-401(d); State v. Johnson, 968 S.W.2d 883, 884 (Tenn. Crim. App. 1997). In sentencing a defendant to probation, a trial court may, as a condition of the probation, require restitution to the victim of the offense for any pecuniary loss. Tenn. Code Ann. § 40-35-304(a). The term pecuniary loss includes "all special damages . . . as substantiated by evidence in the record." Tenn. Code Ann. § 40-35-304(e)(1).

The defendant asserts that the trial court erred by ordering restitution in the amount of $500.00 because the state failed to prove that Ms. Gann was the owner of the truck. In our view, the claim is without merit.

3

Before addressing the issue of ownership, this court would observe that as a part of the plea agreement, the defendant stipulated that Ms. Gann was the proper party to receive restitution for the damage. Our information is that the agreement specifically identified Ms. Gann as the recipient of any restitution. Had the defendant desired to contest the propriety of Ms. Gann as the restitution recipient, he should have specifically reserved that question. The wording of the agreement implies an entitlement to Ms. Gann. No proof contradicts that.

Notwithstanding the terms of the plea agreement, there is sufficient evidence, in our assessment, to support a finding that Ms. Gann had an ownership interest in the pick-up truck and, therefore, was entitled to testify to its value under Rule 701(b) of the Tennessee Rules of Evidence. The testimony that she and her husband owned the truck is unrefuted. Furthermore, the trial court was entitled to rely upon Ms. Gann's testimony to establish ownership of the truck. See State v. William T. Cowart, No. 01C01-9508-CC-00251 (Tenn. Crim. App. at Nashville, Nov. 22, 1996) (noting that trial court properly relied upon testimony of victim to establish victim's ownership of damaged property).

Finally, there is adequate evidence to support the amount of the restitution award even if Ms. Gann's opinion testimony concerning the value of the damaged pick-up truck is not considered. A trial court need not apply any particular formula or method in determining restitution. State v. Johnson, 968 S.W.2d at 886. Nor is it necessary for the trial court to determine restitution in accordance with the strict rules of damages applied in civil cases. Id. at 887. Shelby Gann testified that she and her husband purchased the damaged pick-up truck for $1,500.00 the day of the incident and sold it shortly thereafter, without driving it any further, for either $200.00 or $250.00. Using the $250.00 sale figure, the net loss on the pick-up truck was $1,250.00. In light of that evidence, the presumption that the trial court's order of restitution in the amount of $500.00 was correct has not been overcome by any other evidence in the record.

4

Accordingly, the judgment of the trial court is affirmed.

_____
Gary R. Wade, Presiding Judge

CONCUR:


_____
Joseph M. Tipton, Judge


_____
James Curwood Witt, Jr., Judge