IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 10, 2005

## STATE OF TENNESSEE v. DANIEL LEE COOK

**Direct Appeal from the Circuit Court for Williamson County**
**No. II-10520-A    R.E. Lee Davies, Judge**

---

**No. M2004-02099-CCA-R3-CD - Filed August 10, 2005**

---

The appellant, Daniel Lee Cook, pled guilty in the Williamson County Circuit Court to reckless burning, and the trial court sentenced him to eleven months, twenty-nine days to be served as thirty days in jail and the remainder on probation.  The trial court also ordered the appellant to pay restitution in the amount of one hundred fifty dollars per month for five years.  On appeal, the appellant claims that the State failed to prove the fair market value of the destroyed property and that the trial court erred by ordering a payment schedule that extended beyond the maximum statutory term of probation supervision that could have been imposed for the offense.  We conclude that the evidence was sufficient for the trial court to determine the amount of the victim's loss.  However, the trial court erred regarding the restitution payment schedule.  Therefore, we reverse the judgment of the trial court and remand the case for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Reversed and Case Remanded.**

NORMA McGEE OGLE, J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT W. WEDEMEYER, JJ., joined.

Gene Honea, Assistant Public Defender, Franklin, Tennessee, for the appellant, Daniel Lee Cook.

Paul G. Summers, Attorney General and Reporter; Preston Shipp, Assistant Attorney General; Ronald L. Davis, District Attorney General; and Derek K. Smith, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I.  Factual Background

        The record reflects that on July 16, 2003, the appellant and a codefendant set fire to a house on Lampley Road off Highway 46 in Williamson County.  The home was destroyed.  The appellant was charged with arson, a Class C felony, but pled guilty to reckless burning, a Class A

misdemeanor. Pursuant to the plea agreement, the trial court sentenced the appellant to eleven months, twenty-nine days to be served as thirty days in jail and the remainder on probation. Restitution was to be determined after a restitution hearing.

At the hearing, Omar Lampley testified that he owned the home on Lampley Road. The two-story home had approximately two thousand square feet of living space and had been built about 1910. No one had lived in the home for about ten years. Mr. Lampley related that the house had a tin roof that did not leak and wood floors that were "in pretty good shape." Mr. Lampley stated that he had paid fifty thousand dollars for the house, that it had been built out of yellow poplar, and that it had tongue and groove ceilings and walls. He stated that an outside porch post had rotted away and that the front porch had fallen down. The home was not insured.

Jimmy Jones testified that he lived on Lampley Road and was familiar with the home in question. Mr. Jones stated that he had been a farmer for the past two years but that prior to farming, he had been a builder superintendent for Syntex Homes for eight years. In his position with Syntex, he was responsible for building houses "from the ground up to the finished drywall stage." He stated that he had about twenty years of experience with building homes. Mr. Jones related that the Lampley house had been well-built, had hardwood floors, and had detailed trim. He estimated that the materials in the house had been worth about fifty thousand dollars and that a salvage company probably would have paid that amount for the "pieces and parts" of the home. He also stated that before the fire, the chimneys in the house alone had been worth ten thousand dollars. On cross-examination, he testified that he had never worked as a property appraiser.

The appellant testified that he pled guilty to reckless burning but that the fire in the Lampley house had been accidental. He stated that he made two hundred forty dollars per week working at the International House of Pancakes and that his monthly expenses were eight hundred fifty dollars, including rent, electricity, cable, telephone, probation fees, and court costs. He stated that at the time of the fire, the front porch of the Lampley house was gone and that the house had no window panes. He also stated that the home's wood floors had been rotten, that grass had been growing through the floors, and that a person could not walk up the home's interior staircase because it was unstable. On cross-examination, the appellant testified that he worked about forty hours per week, paid five hundred dollars per month rent for a two-bedroom apartment, and did not have a roommate. He stated that he hoped to move into a one-bedroom apartment and that his new rent payment would be four hundred fifty dollars. He stated that after his monthly expenses, he had about one hundred dollars. He related that he had a car that was worth about five hundred dollars and that he recently had been accepted into college but may not be able to afford to attend. When asked how much he could afford to pay Mr. Lampley per month, the appellant indicated that he could not pay anything.

The State asked that the trial court order the appellant to pay one-half of the home's value, twenty-five thousand dollars.[1] The appellant argued that the State had failed to prove that the home's value had been fifty thousand dollars. In ordering restitution, the trial court stated that it was taking into consideration the fact that the house had been abandoned for a long time. The trial court also stated, "It's really hard to get a handle on what those things are worth other than what your neighbor was able to tell me about it." The trial court described the appellant's financial circumstances as "somewhat meager" but related that it was not impressed with the appellant's "presentation on accepting responsibility and paying Mr. Lampley back some portion of your responsibility." The trial court determined that "after looking at all the factors," the appellant should pay nine thousand dollars in restitution as installments of one hundred fifty dollars per month for five years.

## II. Analysis

The appellant claims that the trial court erred in determining the amount of restitution because the State failed to establish the home's fair market value. In addition, he contends that the trial court erred by ordering a payment schedule that extended beyond the maximum statutory term of probation supervision that could have been imposed for the offense. The State argues that it presented sufficient evidence of the home's value but concedes that the trial court erred by ordering a restitution payment schedule that extended beyond the maximum statutory term of probation supervision that could have been imposed for reckless burning. The State asks that this court remand the case to the trial court for a new restitution hearing.

The appellant, citing State v. Campbell, 721 S.W.2d 813 (Tenn. Crim. App. 1986), argues that the trial court was required to determine the "fair market value" of the home in order to determine the amount of the appellant's restitution. Moreover, he contends that if the trial court could not determine the fair market value, then the trial court was required to assume that the value of the property was less than fifty dollars pursuant to Tenn. Code Ann. § 39-11-106(a)(36)(C). However, the appellant's reliance on Campbell and Tenn. Code Ann. § 39-11-106(a)(36)(C) is misplaced. Campbell was a grand larceny case that explained the use of "fair market value" to determine the value of stolen property. It did not involve restitution.

Payment of restitution is governed by Tennessee Code Annotated section 40-35-304. Tennessee Code Annotated section 40-35-304(a) provides that the trial court "may direct a defendant to make restitution to the victim of the offense as a condition of probation." "Whenever the court believes that restitution may be proper or the victim of the offense or the district attorney general requests, the court shall order the presentence service officer to include in the presentence report documentation regarding the nature and amount of the victim's pecuniary loss." Tenn. Code Ann.

---

[1] The restitution hearing transcript indicates that the appellant's codefendant had been ordered to pay twenty-five thousand dollars in restitution.

§ 40-35-304(b).[2]  The amount of restitution that the defendant may be directed to pay is limited to "the victim's pecuniary loss."  See Tenn. Code Ann. § 40-35-304(b).  "Pecuniary loss" includes the following:

> (1)  All special damages, but not general damages, as substantiated by evidence in the record or as agreed to by the defendant; and

> (2) Reasonable out-of-pocket expenses incurred by the victim resulting from the filing of charges or cooperating in the investigation and prosecution of the offense; provided, that payment of special prosecutors shall not be considered an out-of-pocket expense.

Tenn. Code Ann. § 40-35-304(e).

Although there is no particular formula for the computation of restitution, the trial court must consider "the financial resources and future ability of the defendant to pay or perform."  Tenn. Code Ann. § 40-35-304(d).  "The amount of restitution a defendant is ordered to pay must be based upon the victim's pecuniary loss and the financial condition and obligations of the defendant; and the amount ordered to be paid does not have to equal or mirror the victim's precise pecuniary loss."  State v. Smith, 898 S.W.2d 742, 747 (Tenn. Crim. App. 1994).  The trial court shall specify the amount of time and payment and may allow payment in installments. Tenn. Code Ann. § 40-35-304(c).  However, "the trial court may not establish a payment or performance schedule extending beyond the statutory maximum term of probation supervision that could have been imposed for the offense."[3]  Tenn. Code Ann. § 40-35-304(c).  As an element of sentencing, this court reviews an order of restitution de novo with a presumption of correctness.  See Tenn. Code Ann. § 40-35-401(d) (2003); see also State v. Johnson, 968 S.W.2d 883, 884 (Tenn. Crim. App. 1997).

In the instant case, the appellant does not argue that the trial court failed to consider his financial resources or that the amount of restitution was excessive in that it was beyond his future ability to pay.  Instead, he argues that the State failed to prove the value of the home.  However, the trial court heard testimony from Omar Lampley, the property's owner, that the value of the home was fifty thousand dollars.  Moreover, Jimmy Jones testified without objection from the defense that the value of the home's "pieces and parts" was fifty thousand dollars.  Mr. Lampley and Mr. Jones based

---

[2] We note that the record does not contain a presentence report accompanied by documentation regarding the nature and amount of the victim's pecuniary loss, as required by the statute.  However, technical compliance with Tenn. Code. Ann. § 40-35-304(b) is unnecessary when the trial court conducts a hearing to determine the amount of restitution. State v. Lewis, 917 S.W.2d 251, 256 (Tenn. Crim. App. 1995).

[3] A victim who has been awarded restitution may convert any unpaid balance into a civil judgment after the time for payment or the payment schedule imposed has expired.

their estimates upon the fact that the home was built out of yellow poplar, had tongue and groove ceilings and walls, had hardwood floors, and had detailed trim.  Mr. Jones also stated that the value of the chimneys alone was ten thousand dollars.  Based upon this testimony, we conclude that the proof was sufficient to allow the trial court to make a reasonable, reliable determination as to the amount of the victim's loss.

That said, we conclude that the trial court erred regarding the appellant's payment schedule and the amount of restitution.  As stated above, "a trial court may not establish a payment or performance schedule extending beyond the statutory maximum term of probation supervision that could have been imposed for the offense."  Tenn. Code Ann. § 40-35-304(c).  Moreover, the trial court "must further set an amount of restitution that the appellant can reasonably pay within the time that he will be within the jurisdiction of the trial court."  Smith, 898 S.W.2d at 747.  Reckless burning, a Class A misdemeanor, has a maximum sentence of eleven months and twenty-nine days.  See Tenn. Code Ann. § 39-14-304(b); Tenn. Code Ann. § 40-35-111(e)(1).  Therefore, the restitution installment payments cannot exceed eleven months and twenty-nine days.  Based upon that amount of time, there is no way the appellant can pay off the nine thousand dollars in restitution by making payments of one hundred fifty dollars per month.  We remand the case to the trial court to fix the restitution installment payments at eleven months, twenty-nine days and for the trial court to set an amount of restitution that the appellant can pay within that time.

### III.  Conclusion

Based upon the record and the parties' briefs, we remand the case to the trial court for further proceedings consistent with this opinion.

_____
NORMA McGEE OGLE, JUDGE

-5-