IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 3, 2009

## STATE OF TENNESSEE v. TERENCE ALAN CARDER

**Direct Appeal from the Circuit Court for McNairy County**
**No. 2270    J. Weber McCraw, Judge**

---

**No. W2008-01450-CCA-R3-CD  - Filed June 30, 2009**

---

The defendant, Terence Alan Carder, pled guilty to theft of property over $1,000 but less than $10,000 and received a sentence of two years to be served on probation after service of 60 days in jail. The defendant was also ordered to provide restitution to the victim in the amount of $80,000 to be paid back at $1,000 per month. On appeal, the defendant argues that the trial court erred in ordering confinement and setting restitution. Following our review, we affirm the sentence as imposed but conclude that the trial court made inadequate findings in assessing restitution pursuant to Tennessee Code Annotated section 40-35-304. Therefore, we remand for reconsideration of the restitution award based upon the required findings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in part;**
**Reversed in part and Remanded**

J.C. MCLIN, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN, J., joined and JOHN EVERETT WILLIAMS, J., concurring in result only .

Chadwick G. Hunt, Savannah, Tennessee, for the appellant, Terence Alan Carder.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; D. Michael Dunavant, District Attorney General; and Bob Gray, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The record reflects that the defendant was originally indicted for theft of property valued at $60,000 or more. However, he pled guilty to the reduced charge of theft of property over $1,000 but less than $10,000. While the guilty plea transcript was not included in the appellate record, the defendant's presentence report gives a brief summation of the facts underlying the defendant's guilty plea. The presentence report states as follows:

> [O]n or about 5/8/06 in McNairy County, Defendant did enter at least one home and
> other property alongside Hwy 64 East, owned by Mr. Everett Hagerman on multiple

occasions. Defendant sold property that belonged to Mr. Hagerman . . . . Defendant did receive money in the amount of $1,000 to 10,000 . . . .

A sentencing hearing was held on June 6, 2008. At the hearing, the presentence report was admitted into evidence. The presentence report reflected that in 2006 the defendant pled guilty to theft of property over $500 but less than $1,000 and was sentenced to one year probation. The report also revealed that in 2006 the defendant was convicted of misdemeanor drug possession and received probation. The defendant also had convictions for driving without a license, failure to appear, and traffic violations. The presentence report indicated that the defendant lived with his girlfriend of ten years and had two daughters. The report stated that the defendant had been self-employed as a diesel mechanic since 2000.

The victim, Everett Hagerman, testified that approximately $200,000 worth of his property was stolen, including 75 vehicles. Mr. Hagerman noted that the defendant denied stealing all of the property, but Mr. Hagerman believed the defendant "was the one selling this stuff." According to Mr. Hagerman, he had recovered about $80,000 worth of his property. Prior to the thefts, he had been the North American Coordinator for a charity which purchased vehicles for transport to third world countries. Since the thefts, however, he had been relieved of his position and had taken employment as a truck driver to help repay the charity. Mr. Hagerman said that he had created a list detailing the stolen property and its value. However, Mr. Hagerman suggested that not all the stolen property was noted on the list.

At the conclusion of the hearing, the court sentenced the defendant to two years as a Range I offender. The court ordered the defendant to serve 60 days in confinement with the remainder on probation. The court explained its sentencing decision as follows:

[T]he the Court has reviewed the pre-sentence report. The Court does find that he has criminal offenses but does find that these offenses and convictions, as I understood, other than a minor traffic offense, occurred after the event date of this particular crime.

The Court also considers whether or not [the defendant] will abide by the terms of probation, whether or not he might be reasonably expected to be rehabilitated and his potential or lack of potential for such rehabilitation. The court also looks greatly at the interest of society in being protected from future criminal conduct and whether full probation would unduly depreciate the seriousness of this offense.

It appears to be a very substantial amount of property . . . taken. The witness testified initially about $200,000. Although somewhat convoluted testimony, he believes while [the defendant] was involved in this theft, there may have been others and [the defendant] is connected to the others. . . .

With regard to how to sentence him, considering the factors as I've stated, putting great emphasis on deprecating the seriousness of a $200,000 theft, the Court

is going to require some partial jail sentence.  The sentence is going to be suspended except for 60 days.

## ANALYSIS

On appeal, the defendant first challenges his sentence of 60 days in confinement.  Appellate review of sentencing is a de novo review of the record with a presumption that the trial court's sentencing determinations are correct. Tenn. Code Ann. § 40-35-401(d). This presumption of correctness is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. *State v. Pettus*, 986 S.W.2d 540, 543-44 (Tenn. 1999).  However, if the record shows that the trial court failed to consider the sentencing principles and all relevant facts and circumstances, then review of the challenged sentence is purely de novo without the presumption of correctness. *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991).  The party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous.  Tenn. Code Ann. § 40-35-401(d), Sentencing Commission Comments.  In conducting our de novo review, this court must consider (1) the evidence, if any, received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct, (5) any mitigating or statutory enhancement factors, (6) any statement that the defendant made on his own behalf, (7) the potential for rehabilitation or treatment, and (8) any statistical data provided by the Administrative Office of the Courts relative to statewide sentencing practices for similar offenses.  Tenn. Code Ann. §§ 40-35-102, -103, -210.

Our sentencing law provides that a defendant's sentence should be no greater than that deserved for the offense committed and should be the least severe measure necessary to achieve the purposes for which the sentence is imposed.  *See* Tenn. Code Ann. § 40-35-103(2), (4). Accordingly, a defendant who does not possess a criminal history showing a clear disregard for society's laws and morals, who has not failed past rehabilitation efforts, and who "is an especially mitigated or standard offender convicted of a Class C, D, or E felony, should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." *Id*. § 40-35-102(6); *see also State v. Fields*, 40 S.W.3d 435, 440 (Tenn. 2001).  Evidence to the contrary may be established by showing that:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

*Id*. § 40-35-103(1).  As part of its determination, the trial court may also consider the defendant's potential or lack of potential for rehabilitation.  *Id*. § 40-35-103(5).  The court shall consider, but is

not bound by, the advisory sentencing guidelines.  *See id*. § 40-35-102(6)(D).  *See also State v. Carter*, 254 S.W.3d 335, 347 (Tenn. 2008).

A defendant who receives a sentence of ten years or less is eligible for probation, subject to certain exceptions.  Tenn. Code Ann. § 40-35-303(a) (2006).  Even if eligible, however, the defendant is not automatically entitled to probation as a matter of law.  *See id.* § 40-35-303(b).  Rather, the defendant bears the burden of proving suitability for probation. *Id*.  Among the factors applicable to a probation consideration are the circumstances of the offense; the defendant's criminal record, social history, and present condition; the need for deterrence, and the best interest of the defendant and the public.  *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978); *see also State v. Goode*, 956 S.W.2d 521, 527 (Tenn. Crim. App. 1997).

The record in the instant case reflects that the defendant received an alternative sentence of split confinement.  The defendant put on no proof demonstrating his suitability for probation.  The court determined that 60 days in confinement was warranted after consideration of the defendant's criminal history which included a theft conviction for which the defendant received probation, and the seriousness of the nearly $200,000 theft committed by the defendant.  Given that the court's findings are adequately supported by the record, and the defendant's sentence complies with our sentencing statutes, we discern no abuse of discretion by the court in imposing confinement of 60 days followed by probation. The issue is without merit.

The defendant next argues that the trial court erred in setting excessive restitution.  The defendant submits that as a mechanic he cannot be reasonably expected to satisfy $80,000 in restitution during the term of his two-year sentence.

In ordering restitution, the trial court stated as follows:

> It appears to be a very substantial amount of property . . . taken.  The witness testified initially about $200,000.  Although somewhat convoluted testimony, he believes while [the defendant][ was involved in this theft, there may have been others and [the defendant] is connected to the others.  But that's a large amount of restitution.  Although the court was concerned about the amount that [the defendant] should be payable for, the amount that was testified to which I could I could reach some certainty on is $80,000, so the amount of restitution is going to be $80,000.

The trial court asked defense counsel how much the defendant could pay. Defense counsel informed the court that the defendant was a mechanic and could pay $150 per month.  The victim testified that he was North American Coordinator for various mission projects in Central and South America.  He was relived of the duty after the property was stolen.  He said I "already paid back $70,000 out of my own pocket and there's a larger figure than $80,000 that has to be paid back . . . ."

After hearing the victim's testimony, the trial court commented as follows:

> I understand, but certainly you have a civil recourse.  A civil suit could be filed against [the defendant] as well as any others that you think are responsible to

you for that amount of money, but the Court is limited on the sentencing to 2 years and . . . the Court is bound by certain sentencing guidelines. . . . I recognize having that repaid in two years is probably not going to happen, so you're going to have to pursue it civilly, which you have the right to that as well.

But going back to the issue of how much [the defendant] can pay per month, $100 really does not go much toward this restitution. I will order restitution in the amount of $1000 per month. I suggest, [the defendant] . . . work two jobs. That still certainly won't get it paid. It is an amount I think that [the defendant] can pay and the Court can only set an amount which is reasonably expected to be paid by the defendant.

When a defendant challenges the validity and amount of restitution, this court conducts a de novo review of both the amount of restitution ordered and the method by which it was determined. *State v. Johnson*, 968 S.W.2d 883, 884 (Tenn. Crim. App. 1997) (citing Tenn. Code Ann. § 40-35-401(d) (1990)). The trial court is entitled to a presumption of correctness on appeal. *See id.*

Tennessee Code Annotated section 40-35-304 sets out the procedures the trial court must follow in ordering restitution. The trial court "may direct a defendant to make restitution to the victim of the offense as a condition of probation." *Id.* § 40-35-304(a). "Whenever the court believes that restitution may be proper or the victim of the offense or the district attorney general requests, the court shall order the presentence service officer to include in the presentence report documentation regarding the nature and amount of the victim's pecuniary loss." *Id.* § 40-35-304(b). The amount of restitution that the defendant may be directed to pay is limited to "the victim's pecuniary loss." *Id.* The phrase "pecuniary loss" includes:

(1) All special damages, but not general damages, as substantiated by evidence in the record or as agreed to by the defendant; and

(2) Reasonable out-of-pocket expenses incurred by the victim resulting from the filing of charges or cooperating in the investigation and prosecution of the offense; provided, that payment of special prosecutors shall not be considered an out-of-pocket expense.

*Id.* § 40-35-304(e). There is no set formula for awarding restitution. *Johnson*, 968 S.W.2d at 886. The sum of restitution ordered must be reasonable and does not have to equal the precise pecuniary loss. *State v. Smith*, 898 S.W.2d 742, 747 (Tenn. Crim. App. 1994). However, the court must consider not only the victim's pecuniary loss but also the financial resources and future ability of the defendant to pay. Tenn. Code Ann. § 40-35-304(d); *State v. Bottoms*, 87 S.W.3d 95, 108 (Tenn. Crim. App. 2001). "The purpose of restitution is not only to compensate the victim but also to punish and rehabilitate the guilty." *Johnson*, 968 S.W.2d at 885.

In ordering restitution, the trial court shall specify the amount of time and payment and may permit payment or performance of restitution in installments. Tenn. Code Ann. § 40-35-304(c). The court may not, however, establish a payment or schedule extending beyond the expiration of the

sentence.  *Id*. at 304(g)(2).  If the defendant, victim, or district attorney petitions the trial court, it may hold a hearing and, if appropriate, waive, adjust, or modify its order regarding restitution.  *Id*. at 304(f).  Further, any unpaid portion of the restitution may be converted to a civil judgment.  *Id*. at 304(h)(1); *Bottoms*, 87 S.W.3d at 108.

In this case, the trial court did not address, at least on the record, the financial resources of the defendant or his future ability to pay the restitution amount.  In addition, while the court implied that the defendant would not pay restitution beyond his probationary term, the court did not clearly specify the time period the payments would be made.  We note that the trial court must set an amount of restitution that the defendant can reasonably pay within the time that he will be within the jurisdiction of the trial court.  *Smith*, 898 S.W.2d at 747.  Here, the trial court ordered the defendant to pay $80,000 in restitution by installments of $1000 per month.  Theft of property over $1,000 but less than $10,000 is a Class D felony and carries a maximum sentence of four years.  As such, it would be impossible for the defendant to pay $80,000 by making payments of $1000 per month in four years let alone the two years to which the defendant was sentenced.  "An order of restitution which obviously cannot be fulfilled serves no purpose for the [defendant] or the victim." *Johnson*, 968 S.W.2d at 885.  Accordingly, we remand the case to the trial court to consider evidence of the defendant's ability to pay and to set an amount of restitution that the defendant can reasonably pay within the appropriate time frame.

## CONCLUSION

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed in part, and the case is remanded for the trial court to determine whether $80,000 is a reasonable amount of restitution given the defendant's financial resources and future ability to pay.

_____
J.C. McLIN, JUDGE