# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### MARCH 1997 SESSION

FILED

May 19, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No. 03C01-9606-CC-00214 |
| Appellee, | ) |
| | ) Loudon County |
| V. | ) |
| | ) Honorable Eugene Eblen, Judge |
| **THOMAS WAYNE JOHNSON,** | ) |
| | ) (Sentencing) |
| Appellant. | ) |
| | ) |

FOR THE APPELLANT:

Joe H. Walker
District Public Defender

Alfred Lee Hathcock, Jr.
Assistant Public Defender
119½ East Broadway
Lenoir City, TN 37771

FOR THE APPELLEE:

Charles W. Burson
Attorney General & Reporter

Sandy R. Copous
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

Charles Hawk
District Attorney General

Frank Harvey
Assistant District Attorney General
P. O. Box 703
Kingston, TN 37763

OPINION FILED:_____

**REVERSED AND REMANDED**

**PAUL G. SUMMERS,**
Judge

**OPINION**

The appellant, Thomas Wayne Johnson, pled guilty to vehicular assault, carrying a weapon with the intent to go armed, and possession of a Schedule II controlled substance for delivery. He received a split sentence of 120 days in jail and was ordered to participate in the community corrections program. In conjunction with his community corrections sentence, the appellant was ordered to make restitution to the victim of his vehicular assault, Curtis Wayne Jackson.

The appellant, who had been drinking, was driving at a high rate of speed when he struck a vehicle driven by Mr. Jackson, who was seriously injured. The appellant's wife, a passenger in the appellant's vehicle, was also injured.

On appeal, the appellant contends (1) that the manner in which his restitution was determined was not in accordance with the Criminal Sentencing Reform Act of 1989; (2) that his financial resources and future ability to pay were not considered as required by Tenn. Code Ann. § 40-35-304(d); (3) that there was inadequate evidence in the record to support restitution for the victim's lost wages; and (4) that there was excessive restitution imposed for undetermined amounts of future health care expenses and lost wages.

After a review of the record, this Court reverses the judgment of the trial court and remands this case for a new sentencing hearing consistent with our guidance as set forth hereafter.

When an appellant challenges the length, range, or manner of service of a sentence, this Court conducts a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (1990). However, this presumption is conditioned on an affirmative indication in the record that the trial court considered the sentencing principles

2

and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

The appellant bears the burden of showing that the sentence was improper. Id. In determining whether the appellant has met this burden, this Court must consider (a) the evidence adduced at trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing; (d) the arguments of counsel; (e) the nature and characteristics of the offense; and (f) the appellant's potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-103(5), -210(b) (1990).

Furthermore, when an appellant challenges the amount of restitution ordered by the trial court, this Court's review of the amount of restitution and how it was computed shall be conducted de novo, on the record, with a presumption that the determination made by the trial court is correct. Tenn. Code Ann. § 40-35-401(d) (1990); State v. Stewart, No. 01-C-01-9007-CC-00161 (Tenn. Crim. App. at Nashville, Jan. 31, 1991).

One goal of the community corrections program is to promote accountability of offenders to their communities by requiring financial restitution to victims of crimes. Tenn. Code Ann. § 40-36-104(2) (1990). The purpose of restitution is not only to compensate the victim but also to punish and rehabilitate the guilty. State v. McKinney, No. 03-C-01-9309-CR-00307 (Tenn. Crim. App. at Knoxville, Oct. 26, 1994).

First, the appellant argues that the trial court erred in the manner in which his restitution was determined. He maintains that the presentence report was silent regarding restitution, stating only that "[r]estitution is to be determined." Appellant contends that because the state did not strictly comply with Tenn. Code Ann. § 40-35-304(b) (1990) that requires "the presentence service officer

3

to include in the presentence report documentation regarding the nature and amount of the victim's pecuniary loss," he was unable to argue for or against an appropriate amount of restitution. Furthermore, appellant's counsel noted in his sentencing memorandum and his amended sentencing memorandum, both filed before the sentencing hearing, that the amount of pecuniary loss was not documented in the presentence report as required by Tenn. Code Ann. § 40-35-304(b) (1990).

The state admits that the trial court failed to order documentation regarding the amount of the victim's loss in the presentence report. It maintains that such a failure has been held to be harmless error, when a subsequent "hearing was specifically held to give the defendant full consideration under the law regarding restitution." State v. Moore, 814 S.W.2d 381, 384 (Tenn. Crim. App. 1991). In its brief, the state contends that "even though this information regarding the victim's lost wages was absent from the presentence report, the defendant suffered no prejudice from its omission, and he was given the opportunity to argue against restitution at the sentencing hearing."

Moore holds that a trial court's failure to order documentation regarding the amount of loss that could be attributed to a defendant in a presentence report was harmless error, when the defendant was given full consideration under the law regarding restitution in a subsequent hearing. Id. However, in that case, the presentence report "contained the victim's statement of his loss, but it did not specify what could be attributed to the defendant." Id. In this case, the presentence report contains nothing about the victim's losses. The appellant was ordered to pay restitution in an undetermined amount not only for the victim's rehabilitation expenses but also for his lost wages. Appellant's argument that had he received any information before the sentencing hearing of the victim's lost wages, he could have argued for a more appropriate amount in restitution, is persuasive. He should be afforded this information at a new

4

hearing.

Second, the appellant contends that the trial court erred in failing to consider the defendant's financial resources and his future ability to pay or perform as required by Tenn. Code Ann. § 40-35-304(d) (1990). We agree.

At the time of the sentencing hearing, the appellant was a twenty-five year old, unemployed factory worker who had earned approximately $16,000 to $20,000 a year for the past couple of years. Although the presentence report did not show any information about the victim's losses, it did show the appellant's assets of $1,400 (a 1984 automobile) and debts totaling almost $80,000 ($75,000 of which were medical bills for his estranged wife who was injured in the accident). From the record, the last week or two that the appellant was employed his wages were garnished to pay for his own debts. Nevertheless, the appellant had agreed to pay a total of $4,000 in monthly amounts toward therapy costs of the victim, Mr. Jackson. However, at the sentencing hearing, the trial court ordered that the restitution for the victim's rehabilitation expenses be set at $4,000 and be open ended as to the amount because the victim might require additional treatment. The trial court did not include the victim's hospitalization expenses in the restitution order. In addition, the trial court ordered an additional amount of restitution of $2,000 per month for lost wages retroactive to August 1994, the date the accident occurred, and continuing "until we have a report from the doctor that he's [the victim's] able to go back to work." At the sentencing hearing, Mr. Jackson testified that he had a disability rating of between 60 and 70% and had no idea when he would be released to go back to work. He, in fact, was receiving a disability check of $570 each month.

In determining restitution, the trial court must consider what the defendant can reasonably pay given the appellant's means and future ability to pay. Tenn. Code Ann. §§ 40-35-303(d)(10), -304(d) (1990); State v. Smith, 898 S.W.2d 742

5

(Tenn. Crim. App. 1994). In Smith, this Court addressed the issue of whether the amount of restitution ordered was excessive. In that case, the trial court ordered the appellant to pay $92,111 "by making regulary (sic) monthly payments as best as possible." Id. at 744. The appellant testified that he earned $7.00 per hour and that his average take-home pay was $245. Id. at 747. He further testified that he paid $50 a week in child support and paid $100 for his own medical expenses. Id. We noted in that case that the appellant would also have other necessary living expenses such as food, shelter, transportation, clothing, and other items. Id. Thus, we found that the appellant could not pay restitution of $92,111 based on his pay. Id.

This Court recognizes that the appellant in this case has these same living expenses in addition to debts totaling almost $80,000 that he has to pay, even though he is unemployed. While we acknowledge that the victim, Mr. Jackson, has incurred rehabilitation costs and lost wages, the trial court, in determining restitution, must also consider what the appellant can reasonably pay. An order of restitution which obviously cannot be fulfilled serves no purpose for the appellant or the victim.

For his third and fourth issues on appeal, the appellant argues that there was inadequate evidence in the record to warrant restitution for lost wages, which are not pecuniary losses as required by the statute, and that the trial court erred in imposing excessive restitution in large undetermined amounts for future health care expenses and lost wages.

There is no formula or method for determining restitution. State v. Stewart, No. 01-C-01-9007-CC-00161, (Tenn. Crim. App. at Nashville, Jan. 31, 1991). Restitution may be ordered for a crime victim's "pecuniary loss," which means all special damages as substantiated by evidence in the record or as agreed to by the appellant, but not to include general damages. Tenn. Code

6

Ann. §§ 40-35-304(b), -304(e)(1) (1990). In his brief, the appellant contends that "lost wages" are not pecuniary losses under the restitution statute. We disagree. This Court has recognized lost wages as part of a restitution order. See State v. Vanderford, No. 01-C-01-9101-CC-00004 (Tenn. Crim. App. at Nashville, Aug. 22, 1991); State v. Cowart, No. 01-C-01-9508-CC-00251 (Tenn. Crim. App. at Nashville, Nov. 22, 1996).

Tenn. Code Ann. § 40-35-304(e)(1) (1990) states that restitution be made only where special damages are "substantiated by evidence in the record." After reviewing the record in this case, this Court believes that the victim's testimony about his wages, which was unchallenged by the appellant, was sufficient to warrant restitution for lost wages.

Furthermore, the appellant contends that the trial court erred in imposing excessive restitution in large, undetermined amounts for health care expenses and lost wages. The appellant argues that the restitution awarded in this case "is not reasonable in that it attempts to mirror a civil tort action."

The victim, who at the time of the accident had been laid off from his job, worked as a repairman of electronics equipment. He testified that when he was employed, he earned approximately $300 per week in addition to bonuses and that he earned approximately $2,000 per month. From the record, appellant's counsel noted several times that the amount of restitution for the victim's lost wages was equal to the victim's statement of his wages while he was employed by his previous employer. Also, appellant's counsel noted in his brief that the purpose of the restitution statute was not "to mirror a civil tort action."

It appears from the record that the state interpreted the purpose of the restitution statute to be analogous to a civil tort action. For example, the state remarked:

7

> Because the amount of money that this fellow can pay in at any reasonable rate is pittance. It's not going to provide him [the victim] what he needs. It's not going to begin to pay back the lost wages. There's none of it can put him back and <u>make him whole again</u>.

(emphasis added). The state also commented that "[t]here is nothing that he [defendant] could ever do that would <u>make everybody whole</u> in this case." (emphasis added). Furthermore, in the state's brief, it admits that the trial court ordered the defendant to pay "a <u>monthly equivalent</u> to the victim's lost wages." (emphasis added).

This Court has cited <u>People v. Johnson</u>, 780 P.2d 504 (Colo. 1989) (en banc) on several occasions with regard to restitution. The relevant language from that case states that "[t]he statutory scheme . . . does not require the sentencing court to determine a defendant's criminal liability for restitution in accordance with the strict rules of damages applicable to a civil case." <u>Id.</u> at 507.

Moreover, the trial court stated that any amount of restitution it imposed would be offset by any amount awarded in the civil action against the appellant. Mr. Jackson, the victim, apparently had received a default judgment against the appellant in a civil suit as a result of the accident. In determining the amount of restitution, the trial court commented several times that the restitution for lost wages would be concurrent with the civil judgment against the defendant and any amount ordered in the civil judgment would offset the restitution ordered as a condition for probation. At the time of the sentencing hearing, the amount of the civil judgment had not been set.

Tenn. Code Ann. § 40-35-304(c) (1990) states that "[t]he court shall specify at the time of the sentencing hearing the amount and time of payment . . .. The court may not establish a payment or performance schedule extending beyond the statutory maximum term of probation supervision that could have been

8

imposed for the offense." Also, Tenn. Code Ann. § 40-35-303(c) (1990) states that a defendant may be placed on probation "for a period of time no less than the minimum sentence allowed under the classification and up to and including the statutory maximum time for the class of the conviction offense. " See also Tenn. Code Ann. § 40-35-303 (1990) sentencing commission comments. Therefore, although the appellant received a four-year probation for his vehicular assault conviction, he could have received as much as twelve years of probation because the statutory maximum term for a class D felony is twelve years. The trial court may consider this factor at a new sentencing hearing when setting restitutionary terms.

Furthermore, this Court in State v. Irick held that " basing the amount of restitution upon a civil judgment is palpable error because personal injury judgments ordinarily include general damages, and general damages are specifically excluded from restitution by T.C.A. § 40-35-304(e)." State v. Irick, 861 S.W.2d 375, 376-77 (Tenn. Crim. App. 1993); see also State v. Lewis, 917 S.W.2d 251 (Tenn. Crim. App. 1995).

This Court respectfully reverses the judgment of the trial court and remands this case for a new sentencing hearing consistent with this opinion. The terms of restitution should be definitive, consistent, and separate from other judgments. The length and terms of probation and restitution should be set so as to compensate the victim and punish the appellant. Should the appellant's financial status change during the probationary period, the court can adjust the restitutionary amounts and terms accordingly.

_____

PAUL G. SUMMERS, Judge

CONCUR:


_____

JOHN H. PEAY, Judge



_____

CORNELIA A. CLARK, Special Judge