# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs at Jackson  March 2, 2010

## STATE OF TENNESSEE v. MARTY RAY HARRIS

**Appeal from the Criminal Court for Davidson County**
**No. 2008-D-3588      Monte Watkins, Judge**

**No. M2009-01281-CCA-R3-CD - Filed August 31, 2010**

The Defendant, Marty Ray Harris, pled guilty in the Davidson County Criminal Court to theft of property valued at $10,000 or more but less than $60,000, a Class C felony.  He received a four-year sentence, to be served in split confinement of two months and the balance on probation.  At issue in this appeal is the amount of restitution for damages caused by his crime.  We reverse the portion of the judgment awarding restitution to Christopher Edwards, and we remand the case to the trial court for a hearing on the proper amount of restitution for the named victim, John Witherspoon.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed;**
**Case Remanded**

JOSEPH M. TIPTON, P.J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS, J., joined. ALAN E. GLENN, J., not participating.

Misty D. Parks, Spring Hill, Tennessee, for the appellant, Marty Ray Harris.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Hugh T. Ammerman, III, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Defendant was indicted for the theft of a 1973 model boat and a trailer owned by John Witherspoon.  The Defendant's plea agreement left the amount of restitution for the trial court to determine.  At the restitution hearing, Mr. Witherspoon testified that his stolen boat, after having been recovered, was damaged and required full restoration.  He identified a technician's estimate of the costs of restoration at $18,259.74.  Witherspoon also testified that he purchased the boat in 1985 or 1986 for $5,000 but that the boat, if purchased today,

had a market value between $10,000 and $16,000 because of its rarity.

Christopher Edwards testified that after the theft, he purchased the boat from the Defendant in exchange for $1,500 and a 1991 Chevrolet Camaro that Edwards testified had a value of $4,500. Edwards testified that while the boat was in his possession, he spent $1,600 to rebuild the boat's motor. He said his total investment in the boat was $7,600.

The trial court considered the amounts lost by Witherspoon and Edwards. The court ordered that the Defendant pay $10,000 to Witherspoon and $7,600 to Edwards in restitution.

**I**

The Defendant first contends that the trial court erred in its order of restitution for Edwards losses. He contends that any losses claimed by Edwards were not a proper subject for a restitution order because Witherspoon was the only named victim in the indictment. Alternatively, he argues that the trial court erred in its computation of the restitution amount awarded to Edwards because the court based its award wholly on Edwards's uncorroborated testimony and did not take into consideration the Defendant's ability to pay.

The State concedes that because the trial court erred in ordering restitution to Edwards and in failing to consider the Defendant's ability to pay restitution, this Court should remand the case to the trial court. The State agrees with the Defendant that neither was Edwards included in the indictment as a victim of the Defendant's crime nor was there any evidence in the record that the Defendant stole the boat from Edwards. The State concedes that restitution may be ordered to a "victim of the offense" and that Edwards is not the victim of the offense to which the Defendant pled guilty. See T.C.A. § 40-35-304 (2006).

Restitution may be ordered as a component of sentencing pursuant to Code sections 40-35-104(c)(2) and 40-35-304. Restitution is allowed for "the victim's pecuniary loss," consisting of special damages and out-of-pocket expenses incurred by the victim relative to investigation and prosecution of the crime. T.C.A. § 40-35-304(c). Code section 40-35-304(d) states that in determining a proper amount and method of payment of restitution, "the court shall consider the financial resources and future ability of the defendant to pay or perform." T.C.A. § 40-35-304(d). In its determination of restitution amount, the trial court must ascertain both the victim's loss and the amount that the defendant can reasonably be expected to pay. State v. Bottoms, 87 S.W.3d 95, 108 (Tenn. Crim. App. 2001). The victim must present sufficient evidence for the trial court to make a reasonable determination of the amount of the victim's loss. Id. On appeal, review of an award of restitution is subject to de novo review accompanied by a presumption that the trial court's determination was

correct. T.C.A. § 40-35-401(d); <u>State v. Johnson</u>, 968 S.W.2d 883, 884 (Tenn. Crim. App. 1997).

The record supports the fact that Edwards was never listed in the indictment and that the indictment was not amended to include Edwards as a victim of the theft. The trial court considered the amount allegedly lost by Edwards and included that figure in the overall calculation of restitution owed by the Defendant. Code section 40-35-304(a) states, in pertinent part, that the court may order a defendant "to make restitution to the victim of the offense . . . ." Edwards was not named in the indictment as a victim and the record does not reflect that the indictment was amended to include him. Therefore, he was not a victim of the offense to which the Defendant pled guilty, and the court improperly ordered restitution based on Edwards' losses.

**II**

The Defendant also contends that the trial court erred in its calculation of Witherspoon's losses because the State did not present sufficient evidence that Witherspoon suffered a $10,000 loss. He argues that the trial court erred in relying upon Witherspoon's uncorroborated testimony about the alleged loss, in failing to consider the reasonableness of the amount, and in failing to take into consideration the Defendant's financial resources and future ability to pay.

The State contends that although the court should consider the Defendant's financial resources and ability to pay on remand, the record supports the $10,000 computation of Witherspoon's losses. It relies on Witherspoon's testimony that he had been attempting to locate a boat to replace the one stolen from him and that he had discovered the cost of a 1972 Sanger vintage drag boat in similar condition ranged from $10,000 to $16,000. However, the State concedes that the trial court failed to make inquiries into the Defendant's financial resources or ability to pay when calculating restitution and that this court should remand the case to the trial court for an evidentiary hearing. <u>See</u> T.C.A. § 40-35-104(d).

The record supports the Defendant's assertion that the trial court did not make the requisite inquiries into the Defendant's financial resources and future ability to pay. <u>See</u> T.C.A. § 40-35-304(d). The record also supports the State's contention that Witherspoon's loss was $10,000. A victim must present sufficient evidence from which the trial court may make a reasonable calculation of the victim's losses. <u>See</u> <u>Bottoms</u>, 87 S.W.3d at 106; <u>State v. Smith</u>, 898 S.W.2d 743, 747 (Tenn. Crim. App. 1994). The trial court was entitled to accredit Witherspoon's testimony about the value of similar boats.

In consideration of the foregoing and the record as a whole, the judgment of the tiral court awarding restitution to Witherspoon and Edwards is reversed. The case is remanded for the trial court to determine a proper award of restitution for Witherspoon's losses after taking into account the Defendant's financial resources and future ability to pay.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE