IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs August 3, 2010

**STATE OF TENNESSEE v. TERENCE ALAN CARDER**

**Direct Appeal from the Circuit Court for McNairy County**
**No. 2270      J. Weber McCraw, Judge**

**No. W2009-01862-CCA-R3-CD  - Filed December 10, 2010**

The defendant, Terence Alan Carder, appeals the order entered against him by the McNairy County Circuit Court, ordering that he pay $80,000 in restitution.  The defendant pled guilty to theft of property over $1000, a Class D felony, and was sentenced to two years of probation following the service of sixty days in jail.  Additionally, the court ordered the defendant to pay $80,000 in restitution at a rate of $1000 per month.  On direct appeal, a panel of this court affirmed the sentence but remanded the case to the trial court for reconsideration of the amount of restitution in light of the defendant's ability to pay.  On remand, the trial court, while acknowledging that the defendant would not be able to pay the entire $80,000 in restitution during the term of his sentence, nonetheless, entered an order that the amount of restitution ordered would remain at $80,000.  However, the court did  modify the terms of repayment to $100 per month.  On appeal, the defendant again contends that, given his financial resources and ability to pay, the trial court erred in ordering him to pay $80,000 in restitution.  We agree.  Because it is unclear from the record exactly how many months the defendant has remaining on his sentence in light of his recent incarceration for a separate crime, we must again remand the case to the trial court with instructions to enter an order of restitution reflecting a total amount of $100 times the months remaining on the defendant's  sentence in which he is expected to pay.

 **Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Remanded**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR. and J.C. MCLIN, JJ., joined.

Chadwick G. Hunt, Savannah, Tennessee, for the appellant, Terence Alan Carder.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; D. Michael Dunavant, District Attorney General; and Bob Gray, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

## Procedural History

The underlying facts in this case, as recited in the presentence report, are as follows:

. . . [O]n or about [May 8, 2006,] in McNairy County, [the] defendant did enter at least one home and other property alongside Hwy. 64 East owned by Mr. Everitt (Everett) Hagerman on multiple occasions. [The] defendant sold property that belonged to Mr. Hagerman to Clint Jones of Counce, Tennessee and Jerry Myrick of Savannah, Tennessee. [The] defendant did receive money in the amount of $1,000 to $10,000 in cash and checks from these two individuals.

Based upon these actions, the defendant was indicted by a McNairy County grand jury for theft of property over $60,000. He subsequently entered a guilty plea to the lesser included offense of theft of property over $1000 and agreed to a sentence of two years as a Range I offender, with the trial court to determine the manner of service. After a sentencing hearing, the trial court ordered that the defendant serve sixty days in jail, with the balance of the sentence to be served on probation. He was also ordered by the trial court to pay $80,000 in restitution at a rate of $1000 per month. The defendant filed a direct appeal, and a panel of this court summarized the evidence offered at the first sentencing hearing as follows:

A sentencing hearing was held on June 6, 2008. At the hearing, the presentence report was admitted into evidence. . . . The presentence report indicated that the defendant lived with his girlfriend of ten years and had two daughters. The report stated that the defendant had been self-employed as a diesel mechanic since 2000.

The victim, Everett Hagerman, testified that approximately $200,000 worth of his property was stolen, including 75 vehicles. Mr. Hagerman noted that the defendant denied stealing all of the property, but Mr. Hagerman believed the defendant "was the one selling this stuff." According to Mr. Hagerman, he recovered about $80,000 worth of his property. Prior to the thefts, he had been the North American Coordinator for a charity which purchased vehicles for transport to third world countries. Since the theft, however, he had been relieved of his position and had taken employment as a truck driver to help repay the charity. Mr. Hagerman said that he had created a list detailing the stolen property and its value. However, Mr. Hagerman suggested that not all the stolen property was noted on the list.

*State v. Terence Alan Carder*, No. W2008-01450-CCA-R3-CD (Tenn. Crim. App., at Jackson, June 30, 2009). In addressing the defendant's argument that the trial court had ordered restitution in an amount that he could not reasonably be expected to satisfy, this court noted the relevant findings made by the trial court at the first sentencing hearing:

It appears to be a very substantial amount of property . . . taken. The witness

testified initially about $200,000. . . .   But that's a large amount of restitution. Although the court was concerned about the amount that [the defendant] should be [liable] for, the amount that was testified to which I could . . . reach some certainty on is $80,000, so the amount of restitution is going to be $80,000.

*Id*. The trial court also made the following statements to the victim in the case:

. . . [C]ertainly you have a civil recourse.  A civil suit could be filed against [the defendant] as well as any others that you think are responsible to you for that amount of money, but the Court is limited on the sentencing to [two] years and . . . the Court is bound by certain sentencing guidelines. . . .  I recognize having that repaid in two years is probably not going to happen, so you're going to have to pursue it civilly, which you have the right to that as well.

But going back to the issue of how much [the defendant] can pay per month, $100 really does not go much toward this restitution.  I will order restitution in the amount of $1000 per month.  I suggest, [the defendant] . . . work two jobs.  That still certainly won't get it paid.  It is an amount I think that [the defendant] can pay and the Court can only set an amount which is reasonably expected to be paid by the defendant.

*Id*.  The panel of this court, in ordering remand, noted that the trial court had imposed restitution in an amount which would be impossible for the defendant to pay at a rate of $1000 per month during his two-year sentence.  As such, the case was remanded back to the trial court "to consider evidence of the defendant's ability to pay and to set an amount of restitution that the defendant can reasonably pay within the appropriate time frame."

A second hearing was held on the matter following the remand.  At that hearing, the defendant testified that he was presently incarcerated in Henderson County on a separate charge and had been sentenced to a four-year sentence at thirty percent.  He testified that he had accrued one month of jail credit and that he anticipated being in custody more than one year.  The defendant further testified that he had no financial resources at present to satisfy the restitution award, also indicating that he had no means to support his family during his incarceration. He testified that upon his release, he was capable of earning approximately $1200 per month.

After hearing the evidence presented, the trial court refused to modify the restitution amount of $80,000 but did modify the defendant's repayment terms from $1000 per month to $100 per month.  This appeal followed.

**Analysis**

On appeal, the defendant again challenges the trial court's imposition of restitution in the amount of $80,000, asserting that it is not reasonable in light of his financial resources and future

ability to pay. When a defendant challenges the validity and amount of restitution, this court conducts a *de novo* review of both the amount of restitution ordered and the method by which it was determined. *State v. Johnson*, 968 S.W.2d 883, 884 (Tenn. Crim. App. 1997). The trial court is entitled to a presumption of correctness on appeal. *Id*.

Tennessee Code Annotated section 40-35-304 sets out the procedure the trial court must follow in ordering restitution. The trial court "may direct a defendant to make restitution to the victim of the offense as a condition of probation." T.C.A. § 40-35-304(a) (2006). "Whenever the court believes that restitution may be proper or the victim of the offense or the district attorney general requests, the court shall order the presentence service officer to include in the presentence report documentation regarding the nature and amount of the victim's pecuniary loss." T.C.A. § 40-35-304(b). The amount of restitution the defendant may be directed to pay is limited to "the victim's pecuniary loss." *Id*.

There is no set formula for awarding restitution. *Johnson*, 968 S.W.2d at 886. The sum of restitution ordered must be reasonable and does not have to equal the precise pecuniary loss. *State v. Smith*, 898 S.W.2d 742, 747 (Tenn. Crim. App. 1994). However, the court must consider not only the victim's pecuniary loss but also the defendant's financial resources and future ability to pay. T.C.A. § 40-35-304(d); *State v. Bottoms*, 87 S.W.3d 95, 108 (Tenn. Crim. App. 2001). "The purpose of restitution is not only to compensate the victim but also to punish and rehabilitate the guilty." *Johnson*, 968 S.W.2d at 885.

In ordering restitution, the trial court shall specify the amount of time and payment and may permit payment or performance of restitution in installments. T.C.A. § 40-35-304(c). The court may not, however, establish a payment or schedule extending beyond the expiration of the sentence. *Id*. at (g)(2). If the defendant, victim, or district attorney petitions the trial court, it may hold a hearing and, if appropriate, waive, adjust, or modify its order regarding restitution. *Id*. at (f). Further, any unpaid portion of the restitution may be converted to a civil judgment. *Id*. at (h)(1); *Bottoms*, 87 S.W.3d at 108. However, "[a]n order of restitution which obviously cannot be fulfilled serves no purpose for the [defendant] or the victim." *Johnson*, 968 S.W.2d at 885.

As previously noted, on the initial direct appeal filed by the defendant, this court remanded with instruction to "consider evidence of the defendant's ability to pay and to set an amount of restitution that the defendant can reasonably pay within the appropriate time frame." Review of the record reveals that was not done on remand. The court stated as follows on the record:

> After hearing the proof in the matter, again, as I said, I'm going to address two issues. First, which is clearly sent back to the Court, remanded for the Trial Court to determine whether $80,000.00 is a reasonable amount of restitution given the defendant's financial resources and future ability to pay, the Court still believes $80,000 is the appropriate amount of restitution.
>
> Upon review of [Tennessee Code Annotated section] 40-35-304, the

Appellate Court gives a qualifier, apparently, on the Court setting restitution with the last statement in their Appellate decision saying, "given the defendant's financial resources and future ability to pay."

I don't find that is what this Court is required to do in setting restitution. And, again, [Tennessee Code Annotated section] 40-35-304(b) directs the Court on the setting of restitution. In case law that the Appellate Court quotes say, "There's no set formula for awarding restitution. The sum of the restitution ordered must be reasonable." And, again, the Court believes this is reasonable because it reflects the loss to the victim.

And then it says, "The purpose of restitution is not only to compensate the victim, but also to punish and rehabilitate the guilty." Certainly, the payment of money is punishment and in rehabilitation, doing the right thing, which is making a person whole, should be, certainly part of anyone's rehabilitation.

So, what I continue to struggle with is, . . . [t]he portion that says, "must also consider financial resources and future ability of the defendant to pay," the Court is considering the future ability of the defendant to pay and I go beyond that probationary period when it can be converted to a civil judgment which the statute allows.

I am going to set payment of $100.00 per month upon his release toward the restitution amount. I clearly understand that $100.00 per month will not completely satisfy the full payment of restitution, but it is in accord with punishing and rehabilitating the guilty.

I further recognize - - There should be no probation violation filed if this full $80,000.00 is not paid. That's not the intent of the Court. Again, I clearly recognize that won't be paid, but I do believe he'll have the ability to pay the $100.00 per month and that will be the only thing the Court will be looking to with regard to him being in compliance with probation with regard to monetary issues.

Again, I give great weight to [Tennessee Code Annotated section] 40-35-304(h) which allows the conversion to a civil judgment. Clearly, it is contemplated by the Legislature that victims or the victim's beneficiary need to have some relief as being a victim of a crime and this is part of the relief.

And again, if you look at the last part of the statute, it says, "A civil judgment shall remain in effect for ten years," so it goes well beyond the limits of probation. It talks about - - when we talk about future, it's talking about at least ten years, and I assume that this could be renewed just like any other civil judgment.

On appeal, the State asserts that the trial court did not abuse its discretion because it "determined the victim's loss to be $80,000, and ordered restitution accordingly" and, further, that the court had considered the defendant's ability to pay. The State notes that "although the trial court recognized that the defendant would probably be unable to pay back the entire restitution amount during his sentence, [the court] acknowledged that the victim can continue collection efforts after the probationary period has ended under Tennessee Code Annotated section 40-35-304(h)." We find both the trial court's and the State's reliance upon section 40-35-304(h), which sets out the procedure for converting the unpaid portion of restitution to a civil judgment, to be misplaced.

Tennessee case law clearly states that the amount of restitution ordered in a case should be set at the amount ordered to be paid per month multiplied by the number of months it is to be paid. *See State v. Sherrie Ann Collins*, No. M2007-01356-CCA-R3-CD (Tenn. Crim. App., at Nashville, Feb. 20, 2008) (since the trial court ruled the defendant was only able to pay $100 per month in restitution for a period of thirty-six months, the total amount of restitution which could be ordered by the trial court was $3600). The trial court in this case confused the victim's pecuniary loss, *i.e.* $80,000, with restitution. While an important figure for the court to determine, the pecuniary loss to the victim is not the amount of restitution which should necessarily be awarded, as it does not take into consideration the defendant's ability to satisfy that restitution. *See* T.C.A. § 40-35-304(d) ("In determining the amount and method of payment or other restitution, the court shall consider the financial resources and future ability of the defendant to pay or perform.")

As an example, suppose that a court determined that a victim in a case suffered a pecuniary loss of $20,000. At this point, the court must look to the defendant's financial resources and ability to pay. In our example, Defendant A is wealthy and has assets in his bank account of $60,000. Based upon these considerations, the trial court would set the restitution amount at $20,000 because Defendant A can pay the balance. However, on the other end of the spectrum is Defendant B. While he was given a three-year probationary sentence in this case, the sentence is to be served concurrently with a sentence of ten years incarceration in a separate case. Additionally, it is determined that Defendant B has no assets. Based upon this, as the Defendant will be incarcerated for the entire term of the instant sentence, he has no ability to pay. As such, the restitution amount should be set at 0.00. Defendant C, who is also sentenced to a term of three-years of probation, has a job, has no assets, and has outstanding bills. The court determines that Defendant C can pay $200 per month toward the restitution amount. This being the case, the amount of restitution should be set at $7200, determined by multiplying $200 per month times the thirty-six months Defendant C will be on probation.

Returning to the instant case before us, the court acknowledged that it would be impossible for the defendant to be able to pay the entire loss in the period while he is on probation but, nonetheless, entered an order of restitution for the entire loss of $80,000. This, as previously noted, serves no purpose for either the victim or the defendant. *See Johnson*, 968 S.W.2d at 885. Moreover, it creates a procedural nightmare, which was acknowledged by the trial court, in that the defendant is placed on probation and a condition of that probation is that he pays the restitution as ordered. While the court noted in the record that it was the intent of the court that the defendant

could not be violated as long as he paid the $100 per month, regardless, the order of restitution with which the defendant must comply specifies $80,000. The proper procedure is to set the amount of restitution as the amount which the defendant is determined to be able to pay. As previously noted, we are unable to determine that amount in this case as the record is not clear as to exactly how long the defendant will remain under the sentence in this case or for which of these months he is expected to pay based on his separate incarceration. As such, the case must be remanded again to the trial court to enter an order of restitution which complies with this decision, *i.e.*, $100 per month times the remaining number of months on the defendant's sentence in which he is expected to pay.

We would further point out that the trial court's reliance upon the portion of the statute which allows for conversion of an unpaid restitution amount to civil judgments is misplaced. That statute speaks to the ordered amount of restitution in a case; it was not intended to serve as a "free pass" in civil court to ensure a judgment of loss. The victim should pursue this matter directly in civil court and establish his case before a judge with jurisdiction to determine civil judgments, which the trial court initially recognized during his statement to the victim at the first hearing. It remains the function of the civil court to determine the judgment amount which should be entered against the defendant.

## CONCLUSION

Based upon the foregoing, the case is remanded to the McNairy County Circuit Court with instruction to enter an order of restitution in the amount of $100 times the remaining number of months on the sentence in which the defendant is expected to pay.

_____
JOHN EVERETT WILLIAMS, JUDGE