IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 12, 2014

## STATE OF TENNESSEE v. ZACHARY ROSS HENDRIXSON

**Appeal from the Circuit Court for Rutherford County**
**No. F-68197        M. Keith Siskin, Judge**

_____

**No. M2013-01539-CCA-R3-CD - Filed March 13, 2014**

_____

The Defendant, Zachary Ross Hendrixson, pled guilty to theft of property valued over $10,000, and the trial court sentenced him, as a Range II offender, to serve a six-year sentence consecutive to a ten-year sentence he was required to serve in Dekalb County. The trial court suspended the Defendant's sentence, ordering that the Defendant serve six years on probation after his release from Dekalb County. The trial court held a hearing on restitution, after which it ordered the Defendant to pay $60,000, at a rate of $833.33 per month after he was released from prison. On appeal, the Defendant contends that the trial court abused its discretion when it set the amount of his restitution because the amount is not reasonable. After a thorough review of the record and applicable authorities, we conclude that no error exists. Accordingly, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JERRY L. SMITH and JEFFREY S. BIVINS, JJ., joined.

Sean G. Williams, Murfreesboro, Tennessee, for the appellant, Zachary Ross Hendrixson.

Robert E. Cooper, Jr., Attorney General and Reporter; Renee W. Turner, Senior Counsel; William C. Whitesell, Jr., District Attorney General; and Allyson S. Abbott, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**I. Facts**

This case arises out of the Defendant's taking of coins from Jim's Coin Service without the owner's consent. After the Defendant pled guilty to theft of property valued over

$10,000 and was sentenced to six years of probation, he requested a hearing on restitution. At that hearing, the parties presented the following evidence: James Young testified that he owned Jim's Coin Service and that he was the victim in this case. He said that the Defendant took five coins from his business. The coins were: a 1879 Carson City Dollar, valued at wholesale between $800 and $1,000, a 1889 Carson City Dollar, valued at wholesale around $5,800, two 1924 Philadelphia Peach Dollars, valued at wholesale $24,000 each, and a Guinea Gold coin from Saudi Arabia. Mr. Young said that the Guinea Gold coin was "extremely rare" and that there were "[o]nly two made" in the world. Mr. Young said that one of his in-laws was married to a member of the Saudi Royal family. Mr. Young's in-law sold the coin to him for $4,500 in 1980, but he did not know how to value it.

Based upon this evidence, the trial court found:

I have reviewed that statute, and I have also looked at a couple of cases. Looks like State versus Browning and State versus Johnson are both applicable.

I agree, [defense counsel], with your reading of the statute. And I presume these cases that the Court does have to consider the Defendant's ability to pay. But also I think we need a presentence report where that is explored so that I can have that. Or that's one of the things that in this State versus Johnson case, 968 S.W.2d 883, there was some discussion of a presentence report where the Defendant's financial circumstances were reported, and that's something that the Court needs to look at.

So, you know, I can . . . determine what I think is the appropriate amount of the victim's loss. But I do think I need to make specific findings regarding the Defendant's ability to pay before I actually set an amount. So, I do think we need further exploration of that. I think we need a presentence report, is what I think.

The trial court found that the actual amount of the victim's loss was $60,300, but for restitution purposes, capped the amount at $60,000 consistent with the offense to which the Defendant pled guilty. The trial court continued the case for thirty days for the parties to present more evidence or the presentence report on the Defendant's ability to pay.

At the subsequent hearing, a presentence report was entered into the record. In that report, the Defendant submitted the following statement:

I am guilty I had a gambling problem and got in over 10,000 worth of

2

gambling de[b]t. So, I wrote bad checks to buy items to sell for cash and pay my gambling debt. Same reason for the theft charges.

The report also indicated that the Defendant, who was married with one son, had graduated from high school and had attended one semester of college, until he left in poor scholastic standing. He had no physical disabilities. The Defendant used cocaine from the age of twenty-one until twenty-four. He completed a twenty-eight-day drug rehabilitation program in 2006. The Defendant reported being employed by lighting or plumbing companies, making approximately $13.00 per hour. The Defendant's employer stated, "[The Defendant] has the ability to do anything but wants something for nothing. He is not able to be trusted due to his ease of stealing. I know of no other way to word it." The Defendant was terminated from this employer because he was "no longer needed" and because "too many things seemed to get 'misplaced.'"

The presentence report indicated that the Defendant had six convictions for theft over $10,000, five convictions for felony and misdemeanor passing worthless checks, vandalism, and burglary.

The trial court entered a restitution order in which it found:

> In the case at bar, based upon the testimony of the victim and the Coin Dealer Newsletter . . ., the Court finds that the amount of the victim's pecuniary loss for purposes of restitution is $60,000.00. The presentence report revealed that the Defendant is married with one child, and reported no debts or assets. . . . The Defendant is a high-school graduate, and briefly attended Motlow State Community College but did not graduate. . . . The Defendant has no mental or physical disabilities. . . . The Defendant has abused illegal drugs, and professed to have a "gambling problem" which resulted in "over $10,000 worth of gambling debt [sic]." . . . The gambling debt led to the Defendant's prior convictions for theft and passing worthless checks. . . . In addition to theft and worthless check convictions, the Defendant's criminal history shows convictions for Vandalism (over $10,000), Burglary, and Driving While License Suspended. . . . Further, the Defendant has other pending charges in other counties. . . . The Defendant's employment history shows that he has experience as a plumber's helper and sales representative for a lighting company, with incomes ranging from $13.00 per hour (plumber's helper) to $1,800 every two weeks (sales representative). . . . One of the Defendant's previous employers (the plumber) stated that "[The Defendant] has the ability to do anything but wants something for nothing. He is not able to be trusted due to his ease of stealing. I know of no other way to

word it." . . . Nonetheless, the Defendant was able to obtain a job at Ferguson Lighting while on probation; the Defendant's salary at that job was $1,800 every two weeks.

The trial court then concluded:

> Considering the Defendant's financial resources, lack of reported debts, and his proven ability to earn while on probation, the Court finds that the amount of restitution in this case will be $60,000.00. The Defendant may pay this judgment in 72 monthly installments of $833.33 (with the extra $0.24 to be paid during any of these months), during the term of his six-year probation in this case. The first payment will be due by the end of the first month of the Defendant's probationary period.

It is from this judgment that the Defendant now appeals.

## II. Analysis

On appeal, the Defendant contends that his restitution is improper because the trial court failed to consider his ability to pay and erred in determining the amount of restitution. As a preliminary matter, we first note that we have jurisdiction to hear this case because the judgment of conviction referenced that the restitution hearing would be held at a later date. Accordingly, the judgment of conviction and the resulting restitution order constitute a "final judgment." *See State v. David Allen Bohanon*, No. M2012-02336-CCA-R3-CD, 2013 WL 5777254, at *4 (Tenn. Crim. App., at Nashville, Oct. 25, 2013), *no Tenn. R. App. P. 11 application filed*.

A trial court "may direct a defendant to make restitution to the victim of the offense as a condition of probation." T.C.A. § 40-35-304(a) (2010). Restitution is imposed "not only to compensate the victim but also to punish and rehabilitate the guilty." *State v. Johnson*, 968 S.W.2d 883, 885 (Tenn. Crim. App. 1997) (citation omitted). Our standard of review for restitution orders is the abuse of discretion standard with a presumption of reasonableness. *Bohanon*, 2013 WL 5777254, at *5 (citing *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012) and *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012)).

In determining restitution, a trial court must determine the victim's pecuniary loss, which is defined by statute as:

> (1) All special damages, but not general damages, as substantiated by evidence in the record or as agreed to by the defendant, and

4

(2) Reasonable out-of-pocket expenses incurred by the victim resulting from the filing of charges or cooperating in the investigation and prosecution of the offense; provided, that payment of special prosecutors shall not be considered an out-of-pocket expense.

T.C.A. § 40-35-304(e)(1)-(3). Additionally, "the trial court must consider what the defendant can reasonably pay given the [defendant's] means and future ability to pay." *Johnson*, 968 S .W.2d at 886 (citing Tennessee Code Annotated sections 40-35-303(d)(10), -304(d); *State v. Smith*, 898 S.W.2d 742 (Tenn. Crim. App. 1994)).

We discern no error by the trial court in determining the amount of restitution. The trial court ordered the Defendant to pay the sum of $60,000. The State presented evidence that the value of the coins that he stole, at wholesale prices, was more than $60,000. Therefore there is sufficient evidence in the record to support the trial court's determination.

Regarding the trial court's consideration of the Defendant's ability to pay, the trial court noted that the Defendant's most recent employment in sales for a lighting company compensated him $1,800 every two weeks. Before that, he was compensated $13.00 per hour, or $1,040 every two weeks if employed full time, as a plumbers helper. The Defendant has no other debt or assets. If the Defendant is able to obtain similar employment, he should be able to pay the restitution as ordered by the trial court.

If the Defendant is unable to find similar employment, the proper mechanism for the Defendant to challenge his restitution obligation would be under Tennessee Code Annotated section 40-35-304(f) ("A defendant . . . may petition the sentencing court to adjust or otherwise waive payment or performance of any ordered restitution or any unpaid or unperformed portion of the restitution . . . . If the court finds that the circumstances upon which it based the imposition or amount and method of payment or other restitution ordered no longer exist or that it otherwise would be unjust to require payment or other restitution as imposed, the court may adjust or waive payment of the unpaid portion of the restitution or other restitution to modify the time or method of making restitution.").

We conclude that the trial court did not err in ordering the Defendant to pay $60,000 in restitution, to be paid in increments of $833.33 per month beginning after completion of his time in incarceration. Accordingly, the Defendant is entitled to no relief.

### III.  Conclusion

The trial court did not err in its order of restitution. Accordingly, the judgment of the

trial court is affirmed.

_____
ROBERT W. WEDEMEYER, JUDGE