# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs December 16, 2014

## STATE OF TENNESSEE v. JAMES ALLEN BALLEW

**Appeal from the Criminal Court for White County**
**No. CR5363      Leon C. Burns, Jr., Judge**

_____

**No. M2014-00378-CCA-R3-CD - Filed March 9, 2015**

_____

Defendant, James Allen Ballew, was indicted by the White County Grand Jury for one count of theft of property valued at $10,000 or more but less than $60,000, a Class C felony, from White County Lumber Company. On January 29, 2013, Defendant entered a guilty plea to theft of property valued at $500 or more but less than $1,000, a Class E felony. Pursuant to a negotiated plea agreement, Defendant received a two-year sentence to be served on probation and agreed to pay restitution, with the amount to be determined at a subsequent hearing. A restitution hearing was conducted. At the conclusion of the hearing, the trial court took the matter under advisement and requested that the State provide the court with a revised pecuniary loss list, including items recovered by the victim. All that is contained in the transcript from the subsequent hearing is a brief colloquy wherein the trial court said, "we've agreed that an order will be submitted on restitution?" and the prosecutor replied, "Yes, your honor." The appellate record does not contain a separate order for restitution. However, an amended judgment was entered, which states that Defendant is ordered to pay restitution in the amount of $11,000 to White County Lumber. The amended judgment is silent as to the time or manner of payment. Defendant appeals, arguing that the amount of restitution was unreasonable and unsupported by the evidence and that the trial court did not consider Defendant's ability to pay restitution. The State argues that the record is inadequate to allow for appellate review, and therefore, the trial court's order of restitution should be presumed correct. We conclude that there is nothing in the record to indicate whether the trial court made a ruling as to the amount of restitution or if an agreement was reached. Defendant's ability to pay restitution was apparently not considered by the trial court, and the trial court failed to include the repayment terms on the judgment form. It is problematic that there is no indication that Defendant's counsel was present in open court when the trial judge and the prosecutor had their brief colloquy. Restitution, when appropriate, is just as much an integral part of a sentence as the length of sentence and the manner of service of the sentence. _See_ T.C.A. § 40-35-104(c)(2). Thus, there must be something more in the record setting forth restitution other than what is contained in this record. Moreover, the amended

judgment incorrectly states that Defendant was convicted of a Class D felony. Accordingly, we reverse the judgment of the trial court as to restitution and remand this case for a new restitution hearing and entry of an amended judgment that reflects the amount of restitution and the manner of payment, as well as that Defendant's conviction offense as a Class E felony.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgment of the Criminal Court Reversed and Remanded**

THOMAS T. WOODALL, P.J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Billy K. Tollison, III, Sparta, Tennessee, for the appellant, James Allen Ballew.

Herbert H. Slatery, III, Attorney General and Reporter; Meredith DeVault, Senior Counsel; Randall A. York, District Attorney General; and Philip Hatch, Assistant District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

*Guilty plea submission*

There is no transcript in the record of the trial court's acceptance of Defendant's guilty plea. The guilty plea submission form contained in the technical record shows that Defendant pleaded guilty to theft of property valued at $500 or more but less than $1,000.00, a Class E felony, on January 29, 2013. Defendant received a sentence of two years to be served on probation. The plea agreement provided that restitution would be determined at a hearing on a later date.

*Restitution hearing*

At the restitution hearing on August 13, 2013, Ronald Thompson, an employee of White County Lumber Company, testified that he discovered several motors were missing from the company. The motors were stolen by Defendant and taken to Cooper Recycling. Mr. Thompson obtained photographs taken of the motors at Cooper Recycling, as well as a list of items that Defendant had sold to Cooper Recycling.

Another employee of White County Lumber Company, Rex Holman, testified that he "roughly" determined the replacement value of the approximately 55 motors that were stolen to be $36,953.00. He recovered some of the motors from Cooper Recycling. Mr. Holman

testified that he bought back approximately 25 motors from Cooper Recycling "at scrap prices." The motors were "beat and banged," and he paid $878.00 for them. Mr. Holman testified that, except for one motor, he did not have the serial numbers for the motors that were stolen, but he still recognized the ones recovered from Cooper Recycling as motors that were taken from White County Lumber. Cooper's Recycling provided Mr. Holman with a list of motors bought from Defendant. Defendant received $2,254.00 in "scrap prices" for all of the motors he sold to Cooper's Recycling.

Defendant did not testify or offer any other proof at the restitution hearing.

At the conclusion of the hearing, the trial court took the matter under advisement. The court requested that the State provide an updated list of the motors White County Lumber recovered, and the court indicated that it would reduce the amount of restitution by the value of the motors recovered. The court stated, "And if you'll submit that to me, and [defense counsel] will have a chance to disagree with it, and then we'll come back here at some later date and then I'm going to give him a figure which would be an obligation of restitution."

The entire transcript of a subsequent hearing on November 19, 2013, states as follows:

THE COURT:     And on that same page, [identifying Defendant's case on the docket], we've agreed that an order will be submitted on restitution?

[Prosecutor]:     Yes, Your Honor.

There is no reference to a revised list of losses by the victim as requested by the trial court at the August 13, 2013 hearing. There is also no order regarding restitution contained in the record. An amended judgment reflects that the trial court ordered Defendant to pay $11,000.00 in restitution, but it does not set forth a monthly payment schedule.

*Analysis*

Defendant asserts that the trial court erred in ordering Defendant to pay $11,000.00 in restitution. Specifically, Defendant argues that the amount of restitution was unreasonable given the evidence produced at the hearing and that the trial court failed to determine Defendant's present and future ability to pay. The State contends that the record on appeal does not adequately convey a complete account of the proceedings in the trial court. Upon review of the record before us, we reverse the trial court's judgment as to restitution and remand this matter for further proceedings consistent with this opinion.

-3-

Where a defendant is sentenced to probation, as in this case,

> (g)  The procedure for a defendant sentenced to pay restitution pursuant to § 40-35-104(c)(2), or otherwise, shall be the same as provided in this section with the following exceptions:
>
> (1)  If there is no sentencing hearing or presentence report because the defendant's sentence is agreed upon and the payment of restitution is part of the sentence, the plea agreement shall include the amount of restitution and other performance requirements set out in subsection (c)[.]

T.C.A. § 40-35-304(g)(1).

The statute further provides that "any payment or performance schedule established by the court shall not extend beyond the expiration date [of the sentence imposed]." *Id*. § 40-35-304(g)(2).  In other words, the court must set a restitution amount that the defendant can reasonably pay within the time that he will be under the trial court's jurisdiction.  *State v. Smith*, 898 S.W.2d 742, 747 (Tenn. Crim. App. 1994).  Upon expiration of the payment period, if the defendant has failed to pay restitution as ordered, any unpaid portion may be converted to a civil judgment.  T.C.A. § 40-35-304(h)(1); *State v. Bottoms*, 87 S.W.3d 95, 108 (Tenn. Crim. App. 2001).

Here, the plea agreement reserved determination of the restitution amount at a subsequent hearing.  There is no ruling by the trial court in the record before us regarding restitution, other than the restitution amount of $11,000 inserted on the amended judgment.  At the November 19, 2013 hearing, the trial court asked the prosecutor if an order regarding restitution would be submitted.  The prosecutor replied affirmatively.  No subsequent order is contained in the record.  There is nothing in the record before us to indicate how the amount of $11,000 was determined, whether it was by agreement between the parties or based upon a revised list of losses by the victim as requested by the trial court at the August 13, 2013 hearing.  There is no indication in the record that such a list was ever provided to the court.  As noted above, there is no clear indication that Defendant's counsel was present at the "hearing" on November 19, 2013.

There is also nothing in the record to indicate that the trial court considered Defendant's ability to pay restitution.  Tennessee law mandates that "[i]n determining the amount and method of payment or other restitution, the court shall consider the financial resources and future ability of the defendant to pay or perform."  T.C.A. § 40-35-304(d).  This is because "[a]n order of restitution which obviously cannot be fulfilled serves no

purpose for the appellant or the victim." *State v. Johnson*, 968 S.W.2d 883, 886 (Tenn. Crim. App. 1997).

Moreover, the amended judgment fails to state, as directed by statute, the "time of payment" or any other repayment terms. At the time of sentencing, the court must specify "the amount and *time of payment* or other restitution to the victim and may permit payment or performance in installments." T.C.A. § 40-35-304(c) (emphasis added).

For the reasons stated, we reverse the trial court's order of restitution and remand this case for a new restitution hearing to determine the restitution amount, Defendant's ability to pay, and the payment terms. Further, upon remand, the judgment shall be corrected to reflect that Defendant was convicted of a Class E felony.

_____
THOMAS T. WOODALL, PRESIDING JUDGE