IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 21, 2015


STATE OF TENNESSEE v. KRISTY L. POLAND


Appeal from the Criminal Court for Roane County
No. 2011-CR-37     E. Eugene Eblen, Judge

_____


No. E2014-02521-CCA-R3-CD-FILED-OCTOBER 5, 2015

_____


Kristy L. Poland ("the Defendant") pleaded guilty to theft of property valued at over $500 and was sentenced to one year suspended to supervised probation with restitution to be set by the trial court. After a hearing on the issue of restitution, the trial court ordered the Defendant to pay $8,100 in monthly installments of $75. On appeal, the Defendant argues that the trial court failed to consider her current financial resources and future ability to pay restitution. Upon review of the record and applicable law, we modify the trial court's restitution order and remand the case for entry of a new restitution order.


**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Modified and Remanded**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the Court, in which ROGER A. PAGE, JJ., joined. CAMILLE R. MCMULLEN, J., filed a separate dissenting opinion.

Kim Nelson, District Public Defender; Walter Johnson and Harold D. Balcom, Jr., Assistant District Public Defenders, Kingston, Tennessee, for the Appellant, Kristy L. Poland.

Herbert H. Slatery III, Attorney General and Reporter; Clarence E. Lutz, Senior Counsel; Russell Johnson, District Attorney General; and Bob Edwards, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

## Factual and Procedural Background

The Defendant stole several pieces of jewelry from the victim, Mary Lewis and was charged with theft of property valued at $1,000 or more but less than $10,000. On November 13, 2014, the Defendant pleaded guilty to theft of property valued at over $500 but less than $1,000 with an agreed sentence of one year to be suspended to probation. The amount of restitution was to be set by the trial court at a hearing.

At the hearing to set restitution, Ms. Lewis tendered an inventory of the stolen items along with her estimate of their fair market value. In total, Ms. Lewis estimated that she could sell the stolen item for $8,100. The Defendant did not dispute the total amount of Ms. Lewis's loss.

The Defendant testified that her husband received a disability check in the amount of $1,247 per month. The Defendant worked part-time and received $500 per month. She also stated that she was scheduled to begin cosmetology school the following January that would last approximately eighteen months. The Defendant explained that she gave $20 per week to her church. Additionally, a list of the Defendant's expenses showed that the Defendant spent $90 per month for her and her husband's cell phones. After additional household expenses, the Defendant said she had a $64 surplus each month. She asked the court to order restitution in the amount of $1,500 to $2,000 to be paid in monthly installments of $50.

The State argued that setting such a low restitution amount constituted asking Ms. Lewis to "subsidize [the Defendant's] lifestyle." Specifically, the State claimed that the Defendant's monthly donations to her church and her cell phone bill were "a decision to deprive [Ms. Lewis] of the value of the goods that she lost in this case."

The court ordered restitution in the amount of $8,100 to be paid in monthly installments of $75. Additionally, the court noted that the payment schedule could "be extended up to the full range." The court also commented that monthly payments of $75 over one year did not "come close to getting the total of it. So we will have to extend that." Therefore, the court ordered the parties to return on November 2, 2015, to review the Defendant's progress.

Prior to adjourning the session, the following exchange took place:

[Defense Counsel]: So, the Court is not taking the income into consideration and reducing the total amount of restitution?

The Court:  No.

This timely appeal followed.

## Analysis

On appeal, the Defendant argues that the trial court erred when it failed to take into account the Defendant's limited financial resources and ability to pay restitution. The State argues that, even though the trial court stated it was not considering the Defendant's ability to pay, the amount of restitution is reasonable nevertheless.

Although the Tennessee Supreme Court has not yet addressed what impact, if any, State v. Bise, 380 S.W.3d 683 (Tenn. 2012), has on our review of restitution orders, our court has previously applied an abuse of discretion standard with a presumption of reasonableness to restitution orders.  State v. David Allan Bahanon, No. M2012-02366-CCA-R3-CD, 2013 WL 5777254, at *5 (Tenn. Crim. App. Oct. 25, 2013).  A finding of abuse of discretion "'reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'"  State v. Shaffer, 45 S.W.3d 553, 555 (Tenn. 2011) (quoting State v. Moore, 6 S.W.3d 235, 242 (Tenn. 1999)).  On appeal, the appellant bears the burden of demonstrating that the sentence is improper.  State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

"The purpose of restitution is not only to compensate the victim but also to punish and rehabilitate the guilty."  State v. Johnson, 968 S.W.2d 883, 885 (Tenn. Crim. App. 1997).  There is no set formula for determining restitution.  State v. Smith, 898 S.W.2d 742, 747 (Tenn. Crim. App. 1994).  Instead, the trial court "must ascertain both the amount of the victim's loss and the amount which the defendant can reasonably be expected to pay."  State v. Bottoms, 87 S.W.3d 95, 108 (Tenn. Crim. App. 2001).

Tennessee Code Annotated section 40-35-304 provides the procedure for imposing restitution as a condition of probation and requires that, "[i]n determining the amount and method of payment or other restitution, the court shall consider the financial resources and future ability of the defendant to pay or perform."  Tenn. Code Ann. § 40-35-304(d) (2014).  The trial court has the duty to determine the defendant's ability to pay and may not delegate that the duty to another.  State v. Donna Harvey, No. E2009-01945-CCA-R3-CD, 2010 WL 4527013, at *5 (Tenn. Crim. App. Nov. 9, 2010).  Additionally, the trial court may order restitution to be paid in installments.  Tenn. Code Ann. § 40-35-304(c) (2014).  However, when restitution is ordered as a term of a sentence that is suspended to probation, the defendant "shall be responsible for the payment of the restitution until the expiration of the sentence imposed by the court, and any payment or

performance schedule established by the court shall not extend beyond the expiration date[.]" Tenn. Code Ann. § 40-35-304(g)(2) (2014).

The trial court had a judicial obligation to consider the Defendant's financial resources and future ability to pay when setting the restitution amount and payment schedule. Although the trial court stated it did not consider the Defendant's income in setting the total amount of restitution, there was significant proof submitted at the restitution hearing, including testimony about the Defendant's income, expenses, and part-time employment that could have been used to establish the amount of restitution and the payment schedule. State v. King, 432 S.W.3d 316, 322 (Tenn. 2014). Even if the trial court erred in failing to consider the Defendant's income in setting the total amount of restitution, there was abundant proof presented at the restitution hearing to enable this court to modify not only the total amount of restitution, but also the monthly payment. See State v. Keisha M. Howard, No. E2011-00598-CCA-R3-CD, 2012 WL 3064653, at *1 (Tenn. Crim. App. July 30, 2012).

The Defendant testified that she has $64 left over each month after the payment of bills, she pays $90 per month for her husband's and her cell phone, she gives $20 per week to her church, and she works part-time. Although paying for her husband's cell phone and giving to her church are admirable, those expenditures are not necessities that are more important than paying restitution to the victim from whom she stole over $8,000 worth of jewelry. Because she works part-time, she has the potential to obtain additional employment so that she could pay for her husband's cell phone and give to her church. Defendant also testified she could pay a total of $2,000 in restitution.

Based on the proof presented at the restitution hearing, we modify the monthly payments the Defendant is required to pay to $195 per month and the total amount of restitution to $2,340.[1]

## **Conclusion**

For the aforementioned reasons, we modify the trial court's order of restitution and remand this matter for entry of an order setting the restitution in the modified amount.

_____
ROBERT L. HOLLOWAY, JR., JUDGE

---

[1] $64 excess funds after payment of expenses, plus $45 representing one-half of the cell phone bill, plus $86 representing ($20 per week times 4.3 weeks per month) in monthly church giving, equals $195.00 per month, multiplied by 12 months equals $2,340.