FILED

04/30/2021

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
February 9, 2021 Session

**STATE OF TENNESSEE v. DESIREE PETTY**

**Appeal from the Criminal Court for Wilson County**
**No. 2007-CR-130     Brody N. Kane, Judge**
_____

**No. M2020-00303-CCA-R3-CD**
_____

The Defendant, Desiree Petty, pleaded guilty to burning personal property or land, facilitation to commit felony arson, and multiple misdemeanor offenses. The trial court sentenced her to four years of incarceration, suspended in lieu of service of twelve years of probation, and $150 monthly restitution payments. In 2010, the trial court found that she had violated her probation and extended her probation for two years. In October 2019, the trial court issued a probation violation warrant based on allegations that she had failed to appear, failed a drug screen, and missed monthly restitution payments. At a hearing, the Defendant conceded that she failed the drug test. The trial court then, *sua sponte*, revisited the Defendant's restitution and ordered her to pay an increased amount of monthly restitution. It also revoked her probation, required her to serve ninety days in jail, and returned her to probation, adding an additional year. The Defendant appeals. After review, we affirm in part, reverse in part, and remand the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed in Part, Reversed in Part, Remanded.**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and ROBERT H. MONTGOMERY, JR., J., joined.

Donnavon Vasek, Jr., Lebanon, Tennessee, for the appellant, Desiree Petty.

Herbert H. Slatery III, Attorney General and Reporter; T. Austin Watkins, Assistant Attorney General; Jason L. Lawson, Pro Tempore District Attorney General; and Justin G. Harris, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**I. Facts**

This case arises from the Defendant's participation in burning the personal property of the victim, without consent. The investigating detective originally filed a complaint against the Defendant in juvenile court in November 2006, and in January 2007, the judge transferred the case to the Wilson County grand jury for their consideration. The transfer order required that the Defendant not have contact with her two male co-defendants and the victims and that she continue her education.

In March 2007, the Wilson County grand jury indicted the Defendant for one count of burning personal property or land, one count of criminal responsibility for burning personal property or land, one count of criminal trespass, three counts of criminal responsibility for vandalism and one count of facilitation of felony arson. The indictment stated that the Defendant had burned a "hay bale, by means of fire or explosion, without the consent of all persons having a possessory" interest in the property. The indictments indicated that she had assisted two co-defendants: Robert Lewis Williams, III, and Johnathan Lee Mofield.

On November 27, 2007, pursuant to a guilty plea, the trial court entered judgments of conviction against the Defendant for: one count of burning Personal Property/Land, a Class E felony; one count of facilitation to burn personal property, a Class A misdemeanor; one count of criminal trespass, a Class C misdemeanor; three counts of criminal responsibility for vandalism, a Class A misdemeanor; and one count of facilitation of felony arson, a Class D felony. The trial court entered the judgments and ordered the Defendant to serve four years of incarceration, suspended, and it placed her on probation for twelve years. The trial court also ordered that the Defendant pay court costs, plus $94,000 in restitution, joint and several with her two co-defendants, at $150 per month.

On June 14, 2010, the Defendant's probation officer filed an affidavit alleging that the Defendant had violated her probation by failing to report and by failing to make restitution payments. The trial court issued a warrant for her arrest, and then it found that she had violated her probation. The revocation order indicated that the trial court then extended her probation for two years, to expire on October 29, 2021. It ordered her to maintain employment and attend any recommended drug counseling.

On October 29, 2019, the Defendant's probation officer filed a probation violation warrant. In it, he alleged that the Defendant had failed to report and had tested positive for cocaine and THC on a random drug screen. The trial court issued a warrant, and law enforcement officers arrested the Defendant.

At a hearing on the violation, the Defendant, through her attorney, conceded that she smoked marijuana and stated that, unbeknownst to her, there was come cocaine mixed with the marijuana. The Defendant conceded that she had violated her probation with respect to that.

About the costs, the Defendant's counsel stated that her sentence had been four years but that the trial court ordered twelve years of probation so that she could pay back the $94,000 of restitution. Counsel asserted that this incident occurred when the Defendant was seventeen and that she was the least culpable of all of those involved in these offenses. She had, however, paid the most in restitution by paying approximately $24,000 or $25,000 in restitution since it was ordered. Counsel informed the trial court that the Defendant traditionally took her entire tax refund and paid it toward restitution. She used her tax payment as a "lump sum" to pay her restitution in advance. Her tax refund of $1,800 covered a year of restitution payments at $150 per month.

Defendant's counsel offered to call the Defendant's general manager from her place of employment, Logan's Roadhouse, where the Defendant was a bartender and server. The trial court questioned the Defendant. It reminded her that there was $53,000 left in restitution to pay, and at $1,800 a year that it would take twenty-nine years to pay in full. She asserted that there were two other defendants that were also to pay restitution, but only one defendant was still paying toward the restitution. The trial court then stated:

> Well, let me just tell you this, that's 29 years. I know being a waitress or bartender you get a lot of cash money and I suspect that what gets accounted for taxes is probably a percentage of what you actually take home. So I think the $1,800 a year isn't fair. That's nothing. You've got money for cocaine and marijuana. Don't come in here and act like $1,800 is all you can do. She's going to pay a specific amount each and every month.

The trial court then, *sua sponte*, ordered the Defendant to pay $200 per month plus her tax refund, increasing her restitution amount by $2,400, which is more than double what she had previously been ordered to pay. He additionally ordered her to serve ninety days in jail. The trial court noted that the previous judge had informed the Defendant that her last violation was her "last chance" and that he himself had previously informed her that she would serve jail time if she violated her probation again. The trial court also extended the Defendant's probation by one year.

## II. Analysis

On appeal, the Defendant contends that the trial court erred when it: revoked her probation based upon her alleged failure to pay restitution, ordered that her probation be extended, and, *sua sponte*, increased her restitution without taking proof and making findings of fact. The State contends that the trial court properly revoked and extended the Defendant's probation, but it concedes that the trial court committed reversible error when it increased the Defendant's restitution payments without proof or findings of the Defendant's financial condition and ability to pay. We agree with the State.

A trial court's authority to revoke a suspended sentence is derived from Tennessee Code Annotated section 40-35-310 (2019), which provides that the trial court possesses the power "at any time within the maximum time which was directed and ordered by the court for such suspension, . . . to revoke . . . such suspension" and cause the original judgment to be put into effect. A trial court may revoke probation upon its finding by a preponderance of the evidence that a violation of the conditions of probation has occurred. T.C.A. § 40-35-311(e) (2019). "In probation revocation hearings, the credibility of witnesses is to be determined by the trial judge." *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). If a trial court revokes a defendant's probation, options include ordering confinement, ordering the sentence into execution as originally entered, returning the defendant to probation on modified conditions as appropriate, or extending the defendant's period of probation by up to two years. T.C.A. §§ 40-35-308(a),(c), -310 (2019); *see State v. Hunter*, 1 S.W.3d 643, 648 (Tenn. 1999). A trial court may modify any condition of probation "on its own motion," but it "may not make the conditions of supervision more onerous than those originally imposed, except pursuant to a revocation proceeding as provided by law." T.C.A. § 40-35-308(b).

The judgment of the trial court in a revocation proceeding will not be disturbed on appeal unless there has been an abuse of discretion. *See State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *State v. Smith*, 909 S.W.2d 471, 473 (Tenn. Crim. App. 1995). In order for this Court to find an abuse of discretion, "there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." *Shaffer*, 45 S.W.3d at 554. Further, a finding of abuse of discretion "'reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'" *Id.* at 555 (quoting *State v. Moore*, 6 S.W.3d 235, 242 (Tenn. 1999)).

The Defendant first concedes on appeal that she violated her probation by failing a drug screen but contends that the trial court erred when it found that she violated her probation also by not paying her restitution as ordered. The trial court needed only one ground to revoke the Defendant's probation, so it properly revoked her probation based upon her concession that she violated the terms of her probation by failing a drug screen. After this finding, the trial court was within its discretion to order her to serve ninety days in confinement and to extend her probationary period by one year. The trial court did not abuse its discretion by revoking her probation and extending her probation for one year.

The Defendant next contends that the trial court erred when it, *sua sponte*, revisited her restitution and increased her payments by $200 per month. Before the increase, the Defendant was paying $1,800 per year in a lump sum to cover the $150 per month of court-ordered restitution. The trial court ordered that she continue to pay that amount and added that she also pay $200 per month, increasing her restitution by $2,400, or more than double her previous restitution amount.

Restitution may be ordered as a component of sentencing pursuant to Tennessee Code Annotated sections 40-35-104(c)(2) (2019) and 40-35-304 (2019). Restitution is allowed for "the victim's pecuniary loss," consisting of special damages and out-of-pocket expenses incurred by the victim relative to investigation and prosecution of the crime. T.C.A. § 40-35-304(e). Special damages are "the actual, but not the necessary, result of the injury complained of, and which in fact follow it as a natural and proximate consequence . . . ." *State v. Lewis*, 917 S.W.2d 251, 255 (Tenn. Crim. App. 1995) (quoting Black's Law Dictionary 392 (6th ed.1990)). The victim must present sufficient evidence for the trial court to make a reasonable determination of the amount of the victim's loss. *State v. Bottoms*, 87 S.W.3d 95, 108-09 (Tenn. Crim. App. 2001).

In determining a proper amount and method of payment of restitution, "the court shall consider the financial resources and future ability of the defendant to pay or perform." T.C.A. § 40-35-304(d). In its determination of the restitution amount, the trial court "must ascertain both the amount of the victim's loss and the amount which the defendant can reasonably be expected to pay." *Bottoms*, 87 S.W.3d at 108. On appeal, review of an award of restitution is subject to de novo review accompanied by a presumption that the trial court's determination was correct. T.C.A. § 40-35-401(d) (2006); *State v. Johnson*, 968 S.W.2d 883, 884 (Tenn. Crim. App. 1997).

The record from the hearing ordering restitution is not included in the record, and we presume that the trial court made the aforementioned considerations when ordering the defendants to be jointly and severally liable for $94,000 in restitution. The trial court then ordered that the Defendant pay $150 per month, which the record indicates that she had done for the fourteen years leading up to the probation revocation hearing. The trial court noted at the hearing, however, that despite the Defendant's compliance there remained an outstanding balance $53,000. The Defendant informed the trial court that only one of her co-defendants was still paying restitution and that he had not paid nearly as much as she. The trial court then increased the Defendant's restitution.

As we previously stated, a trial court may modify the terms of probation on its own motion after a revocation hearing, however, there must be evidence supporting the trial court's decision. In this case, there is no evidence supporting the trial court's finding to increase the Defendant's restitution. The trial court heard no evidence on the matter, despite the fact that the Defendant's general manager was present and available to testify. The trial court, based on no facts in evidence, speculated that the Defendant actually earned more than she claimed she earned on her tax return. He alleged that she committed another criminal offense by not reporting all of her income, and he based his decision to increase her restitution on that speculation. This was clearly an abuse of the trial court's discretion. We reverse the trial court's increase of restitution, and we remand this case to the trial court for entry of an order reinstating the Defendant's original restitution payment of $150 per month.

### III. Conclusion

Based on the foregoing reasoning and authorities, we affirm in part, reverse in part, and remand the case for entry of an order as previously stated.

_____
ROBERT W. WEDEMEYER, JUDGE